**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abiel RODRIGUEZ–GARZA,**
**Defendant–Appellant.**

No. 04–3397.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 10, 2005.

Decided March 22, 2005.

Timothy M. O'Shea, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Anthony C. Delyea, Delyea, Perz & Howe, Madison, WI, for Defendant–Appellant.

Before MANION, EVANS, and SYKES, Circuit Judges.

## ORDER

Abiel Rodriguez–Garza pled guilty to reentering the United States without permission after having previously been deported. *See* 8 U.S.C. § 1326. A federal district court then sentenced him to 70 months incarceration, which is the focus of this appeal.

First, a brief look at the facts. On May 6, 2004, a Wisconsin state trooper stopped a semi-truck driven erratically by Rodriguez–Garza's brother, Augusto Rodriguez. The trooper quickly discovered trouble— Augusto appeared to be under the influence of drugs and the driver's log had been clearly falsified. After Augusto agreed to a search of the truck, troopers found Rodriguez–Garza in the sleeper compartment. Upon being discovered, Rodriguez–Garza put something in his mouth and swallowed it before the officers could stop him. The officers discovered in his pocket a baggie with four pills and two syringes and also found a metal tube with black residue in his shoe.

Rodriguez–Garza later admitted, and the record proved, that he was a Mexican citizen who had been deported from the United States in June of 1997 after being convicted in Texas of distributing heroin. He later reentered the United States without permission but in December of 2003 was discovered in Washington and again deported. He then returned to the country 2 days before the Wisconsin traffic stop.

At sentencing, the district court adopted the guideline sentencing range of 70 to 87 months incarceration recommended in the presentence investigation report. Rodriguez–Garza's total offense level was calculated at 21, reflecting a base offense level of 8, plus a 16–level upward adjustment for illegal reentry after having been convicted of a felony drug trafficking offense which carried a sentence exceeding 13 months incarceration, *see* U.S.S.G. § 2L1.2(b)(1)(A)(i), minus a 3–level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). His criminal history was set at category V. The 70–month sentence imposed by the district

judge was at the bottom of the calculated range. The court also imposed an alternative 70–month sentence in the event the Supreme Court deemed unconstitutional the guidelines' use of prior convictions as a sentencing factor. In doing so, Judge Shabaz announced that he would have given Rodriguez–Garza 70 months, guidelines or not:

> The Court also sentences the defendant to the same sentence, 70 months, would there be no guidelines, that is if the guidelines were determined to be unconstitutional based upon the Court's same reasons that have been set forth herein; that he does have a continued desire to violate the law by entering this country without permission, that he does have a significant criminal record, and that he is likely to commit further criminal offenses if not provided the sentence of 70 months as previously announced.

Rodriguez–Garza filed a timely notice of appeal.

■ On appeal, Rodriguez–Garza contends that the district court violated the Sixth Amendment by following the sentencing guidelines and determining his sentence based on its own factual finding that he was a recidivist. According to Rodriguez–Garza, the fact of a prior conviction is not a sentencing factor and must be admitted or found beyond a reasonable doubt. Recently, in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that a sentencing court violates the Sixth Amendment when it increases a defendant's sentence based on facts not determined by the jury. The Court also held that the sentencing guidelines are advisory, not mandatory. In light of these holdings, we have recognized that *Booker* will often require a limited remand where a judge imposed a sentence based on a mandatory application of the guidelines. *See*

*United States v. Paladino*, 401 F.3d 471 (7th Cir.2005).

But a limited remand is unnecessary here for two reasons. The first is that Judge Shabaz stated that he would impose the same sentence even if he were not bound by the guidelines. Thus, we know that Rodriguez–Garza would have received 70 months anyway even if the guidelines were advisory at the time of sentencing, based on his substantial criminal background and, as the judge observed, the high likelihood of future violations of the law.

■ Second, even if the guidelines remained mandatory, Rodriguez–Garza cannot complain that his sentence was enhanced by a fact not determined by a jury because a prior conviction is a sentencing factor that does not have to be proven beyond a reasonable doubt. *See Almendarez–Torres v. United States*, 523 U.S. 224, 244, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). It is true that subsequent cases have whittled away at *Almendarez–Torres* and questioned its continuing viability. *See Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 1263–64, 161 L.Ed.2d 205 (2005) (J. Thomas, concurring) (stating that a majority of the Court recognizes that *Almendarez–Torres* was wrongly decided and that the case should be reconsidered). But the case has not been overruled and remains good law; therefore, this challenge must fail. *See Paladino*, 401 F.3d at 1260–61.

AFFIRMED.